**No. 23-13439-B; No. 23-13764-B**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

Karen Finn, et al.,

*Plaintiffs-Appellees*,

v.

Cobb County Board of Elections and Registration, et al.

*Defendants,*

Cobb County School District

*Appellant*.

---

On Appeal from the United States District Court for the Northern District of
Georgia; Civil Action No. 1:22-CV-02300-ELR

---

### PLAINTIFFS-APPELLEES' RESPONSE BRIEF
### TO THE CONSOLIDATED APPEALS

---

Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org

Jeff Loperfido
Christopher Shenton
**SOUTHERN COALITION**
**FOR SOCIAL JUSTICE**
5517 Durham Chapel Hill Blvd
Durham, NC 27707
(919) 323-3380
jeffloperfido@scsj.org
chrisshenton@scsj.org

Caitlin May (Ga. Bar No. 602081)
Cory Isaacson (Ga. Bar No. 983797)
Rahul Garabadu (Ga. Bar No. 553777)
**ACLU FOUNDATION**
**OF GEORGIA, INC.**
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
cmay@acluga.org
cisaacson@acluga.org
rgarabadu@acluga.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
Heather Szilagyi
**LAWYERS' COMMITTEE FOR**
**CIVIL RIGHTS UNDER LAW**
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org
hszilagyi@lawyerscommittee.org

Douglas I. Koff*
Thomas L. Mott*

Jacqueline Maero Blaskowski*
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, New York 10022
(212) 756-2000
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Jacqueline.MaeroBlaskowski@srz.com


 * *Admitted Pro Hac Vice*

*Counsel for Plaintiffs-Appellees Karen Finn, Dr.
Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO
Latino Community Development Fund, Inc., New
Georgia Project Action Fund, League of Women
Voters of Marietta-Cobb, and Georgia Coalition
For The People's Agenda, Inc.*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Plaintiffs-Appellees certify that the following is a complete list of all interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1. American Civil Liberties Union Foundation of Georgia, Inc. – *Counsel for Plaintiffs-Appellees*

2. Anderson, Scott Eric – *Counsel for Appellant*

3. Buechner, William H. – *Counsel for Appellant*

4. Cobb County Board of Elections and Registration – *Defendants*

5. Cobb County School District – *Appellant*

6. Crumley, Jonathan Dean – *Counsel for Appellant*

7. Daly, Hylah – *Plaintiff-Appellee*

8. Dulcio, Jenne – *Plaintiff-Appellee*

9. Eveler, Janine – *Defendant, in her official capacity as Director of the Cobb County Board of Elections and Registration, substituted November 2, 2023*

10. Finn, Karen – *Plaintiff-Appellee*

11. Ford, Jillian – *Plaintiff-Appellee*

12. Freed, P. Michael – *Counsel for Appellant*

13. Freeman Mathis & Gary LLP – *Counsel for Appellant*

i

14. GALEO Latino Community Development Fund, Inc. – *Plaintiff-Appellee*

15. Garabadu, Rahul – *Counsel for Plaintiffs-Appellees*

16. Georgia Coalition for the People's Agenda, Inc. – *Plaintiff-Appellee*

17. Gold, Sofia Fernandez – *Counsel for Plaintiffs-Appellees*

18. Greenbaum, Jon M. – *Counsel for Plaintiffs-Appellees*

19. Haynie, Litchfield & White, PC – *Counsel for Defendant*

20. Heard, Bradley E. – *Counsel for Plaintiffs-Appellees*

21. Houk, Julie Marie – *Counsel for Plaintiffs-Appellees*

22. Isaacson, Cory – *Counsel for Plaintiffs-Appellees*

23. Khan, Sabrina S. – *Counsel for Plaintiffs-Appellees*

24. Koff, Douglas I. – *Counsel for Plaintiffs-Appellees*

25. Lawyers' Committee for Civil Rights Under Law – *Counsel for Plaintiffs-Appellees*

26. League of Women Voters of Marietta-Cobb – *Plaintiff-Appellee*

27. Loperfido, Jeffrey – *Counsel for Plaintiffs-Appellees*

28. Maero-Blaskowski, Jacqueline – *Counsel for Plaintiffs-Appellees*

29. May, Caitlin Felt – *Counsel for Plaintiffs-Appellees*

30. Miller, Gerry – *Defendant, in his official capacity as Interim Director of the Cobb County Board of Elections and Registration*

31. Mott, Thomas Livingstone – *Counsel for Plaintiffs-Appellees*

32. New Georgia Project Action Fund – *Plaintiff-Appellee*

33. O'Donnell, Courtney – *Counsel for Plaintiffs-Appellees*

34. Price, Savannah Rose – *Counsel for Plaintiffs-Appellees*

35. Rosenberg, Ezra D. – *Counsel for Plaintiffs-Appellees*

36. Ross, Honorable Eleanor L. – *United States District Judge*

37. Savrin, Philip Wade – *Counsel for Appellant*

38. Schulte Roth & Zabel, LLP – *Counsel for Plaintiffs-Appellees*

39. Shenton, Chris – *Counsel for Plaintiffs-Appellees*

40. Short, Caren – *Counsel for Plaintiffs-Appellees*

41. Southern Coalition for Social Justice – *Counsel for Plaintiffs-Appellees*

42. Southern Poverty Law Center – *Counsel for Plaintiffs-Appellees*

43. Sunday, Matthew Jason – *Counsel for Plaintiffs-Appellees*

44. Szilagyi, Heather Jean – *Counsel for Plaintiffs-Appellees*

45. Tafelski, Michael Joseph – *Counsel for Plaintiffs-Appellees*

46. White, Daniel Walter – *Counsel for Defendants*

47. Winichakul, Pichaya Poy – *Counsel for Plaintiffs-Appellees*

I hereby certify that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: December 13, 2023                    */s/ Pichaya Poy Winichakul*

                                                                    Pichaya Poy Winichakul
                                                                    *Counsel for Plaintiffs-Appellees*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

This Court has scheduled oral argument to hear the consolidated appeals on January 30, 2024.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................................... i

TABLE OF CONTENTS ........................................................................v

TABLE OF AUTHORITIES................................................................. vii

JURISDICTIONAL STATEMENT ......................................................... xi

STATEMENT OF THE ISSUES .............................................................1

STATEMENT OF THE CASE.................................................................1

    I.    Factual Background .....................................................................3

    II.   Prodedural History ......................................................................4

STANDARD OF REVIEW ....................................................................9

SUMMARY OF ARGUMENT..............................................................10

ARGUMENT ....................................................................................12

    I.    This Court Does Not Have Jurisdiction over the Consolidated Appeals ...12

        a.  CCSD Cannot Appeal the Grant of an Order It Requested and Won.......12

    b.  The District Court Has Not Issued a Final Order or Certified Any Order for Purposes of Appeal ............................................................15

    c.  CCSD Cannot Appeal an Intervention Order the District Court Never Issued ........................................................................................19

II.   CCSD Fails to Invoke this Court's Provisional Jurisdiction ....................22

III.  The District Court Did Not Abuse Its Discretion in Denying the CCSD's Emergency Motion for Reconsideration .....................................................28

CONCLUSION ........................................................................................29

CERTIFICATE OF COMPLIANCE.........................................................32

CERTIFICATE OF SERVICE .................................................................33

## TABLE OF AUTHORITIES

### Cases

*Bonner v. City of Prichard*
661 F.2d 1206 (11th Cir.1981) .................................................................16

*Cf. Sharma v. Johnston*
515 Fed. App'x 818 (11th Cir. 2013) ........................................................26

*Chiles v. Thornburgh*
865 F.2d 1197 (11th Cir. 1989) ................................................................20

*City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*
82 F.4th 1031 (11th Cir. 2023) .................................................................17

*Cliff v. Payco Gen. Am. Credits, Inc.*
363 F.3d 1113 (11th Cir. 2004) ................................................................10

*Corley v. Long-Lewis, Inc.*
965 F.3d 1222 (11th Cir. 2020) ................................................................14

*Doe v. Embry-Riddle Aeronautical Univ.*
2021 U.S. Dist. LEXIS 128761 (M.D. Fla. May 28, 2021)....................29

*Druhan v. Am. Mut. Life*
166 F.3d 1324 (11th Cir. 1999) .................................................... ix, 9, 13

*EEOC v. E. Airlines, Inc.*
736 F.2d 635 (11th Cir. 1984) ........................................................ xi, 21

*Est. of Robbins v. Runyon*
730 F. App'x 893 (11th Cir. 2018) ................................................. ix, 14

*Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*
983 F.2d 211 (11th Cir. 1993) ................................................................ xi

*Georgia v. U.S. Army Corps of Engineers*
302 F.3d 1242 (11th Cir. 2002) ............................................................20

*Hawthorne v. Mac Adjustment*
140 F.3d 1367 (11th Cir. 1998) ............................................................24

*Hines v. D'Artois*
531 F.2d 726 (5th Cir. 1976) ...............................................................21

*Jacobson v. Fla. Sec'y of State*
974 F.3d 1236 (11th Cir. 2020) ..........................................................2, 6

*Jenkins v. Prime Ins. Co.*
32 F.4th 1343 (11th Cir. 2022) ....................................................... 17, 18

*Kirkland v. N.Y. State Dep't of Corr. Servs.*
711 F.2d 1117 (2d Cir. 1983) ...............................................................24

*Landman v. Mitchell*
445 F.2d 274 (5th Cir. 1971) ...............................................................15

*Monell v. Dep't of Soc. Servs. of City of New York*
436 U.S. 658 (1978) ...............................................................................5

*Off. of Senator Mark Dayton v. Hanson*
550 U.S. 511 (2007) ...............................................................................x

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*
549 F.3d 1344 (11th Cir. 2008) ............................................................14

*Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*
942 F.3d 1200 (11th Cir. 2019) ............................................................28

*Popham v. Cobb County Sch. Dist.*
2013 U.S. Dist. LEXIS 110926 (N.D. Ga. 2013) ...................................25

*Robert N. Brewer Fam. Found. v. Huggins*
No. 2:18-cv-915-ALB, 2019 WL 6873655 (M.D. Ala. Dec. 16, 2019) .................16

*Roig v. United Parcel Serv., Inc.*
No. 21-11915-HH, 2021 WL 6102102 (11th Cir. Sept. 1, 2021) ...........................14

*Rolland v. Cobb County Sch. Dist.*
2013 U.S. Dist. LEXIS 110934 (N.D. Ga. 2013) ....................................................25

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*
861 F.3d 1278 (11th Cir. 2017) ..............................................................................20

*Schneider v. Dumbarton Developers, Inc.*
767 F.2d 1007 (D.C. Cir. 1985)...............................................................................23

*Scott v. Taylor*
405 F.3d 1251 (11th Cir. 2005) ................................................................................2

*SEC v. Carrillo*
325 F.3d 1268 (11th Cir. 2003) ...........................................................................x, 9

*Steves & Sons, Inc. v. Jeld-Wen, Inc.*
2018 U.S. Dist. LEXIS 172363 (E.D. Va. 2018) ....................................................23

*Supreme Fuels Trading FZE v. Sargeant*
689 F.3d 1244 (11th Cir. 2012) ..............................................................................17

*Trbovich v. United Mine Workers of Am.*
404 U.S. 528 (1972)................................................................................................20

*United States v. Jim*
891 F.3d 1242 (11th Cir. 2018) .................................................................. 22, 23, 24

*Wolff v. Cash 4 Titles*
351 F.3d 1348 (11th Cir. 2003) .............................................................................. 14

**Statutes**

28 U.S.C. § 1291 ................................................................................ xii, 9

28 U.S.C. § 1292(a) .................................................................. xii, 9, 16, 17

28 U.S.C. § 1292(a)(1) ........................................................................ xii

28 U.S.C. § 1292(b) ................................................................ xii, 9, 17, 18

28 U.S.C. §§ 1331 .............................................................................. xi

28 U.S.C. § 1343 ............................................................................... xi

O.C.G.A. § 21-2-70 .............................................................................4

**Rules**

Fed. R. Civ. P.  24 ...........................................................................10

Fed. R. Civ. P. 54 ............................................................................ xii

FED. R. CIV. P. 54(b) .......................................................... 9, 17, 18, 19

**Constitutional Provisions**

U.S. Const. art. III, § 2 .....................................................................13

**Other Authorities**

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
    Procedure § 1920 (3d ed. 2007) ............................................................22

## JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of Georgia had original subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343. However, this Court lacks Article III jurisdiction over these consolidated appeals as the challenged actions by the district court lack the requisite adverseness, do not constitute a "final order" proper for appeal as of right, and have not been certified for interlocutory appeal. *See also* S.A. 60 (Case No. 23-13439, Doc. No. 30), and S.A. 12 (Case No. 23-13764, Doc. No. 28) (pending motions to dismiss the consolidated appeals for lack of jurisdiction).

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies, and an appellate court does not have jurisdiction to hear an appeal that does not meet this adverseness requirement. *See Druhan v. Am. Mut. Life*, 166 F.3d 1324, 1326 (11th Cir. 1999). Thus, an appeal of an order granted in the movant's favor should be dismissed for lack of jurisdiction. *See Est. of Robbins v. Runyon*, 730 F. App'x 893, 895 (11th Cir. 2018). The underlying order contested by Appellant Cobb County School District ("CCSD") granted CCSD's own motion for judgment on the pleadings and consequently dismissed it from the case as a defendant. This Court does not have jurisdiction to hear such an appeal of a non-adverse lower court order.

Additionally, appellate courts have jurisdiction to review only the "final decisions" of lower federal courts. *See SEC v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003) (citing 28 U.S.C. § 1291). There is a narrow exception to this final rule for the limited interlocutory orders listed in Section 1292(a), such as appeals from the grant or denial of injunctions. 28 U.S.C. § 1292(a)(1). It is well-settled that this exception should be "strictly construed." *See, e.g.*, *Off. of Senator Mark Dayton v. Hanson*, 550 U.S. 511, 515 (2007).

The dismissal of claims against fewer than all parties in an action is not a final order for purposes of appeal. Fed. R. Civ. P. 54. However, if the district court is "of the opinion" that its non-final order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," then the district court shall so state in writing. 28 U.S.C. § 1292(b). This Court then has the discretion to decide whether to accept the appeal. *Id*. The underlying order CCSD contends—granting its own motion for judgment on the pleadings—dismissed fewer than all claims against all parties, and thus is not a final order for purposes of appeal. It also does not fall within the narrow interlocutory exceptions. In addition, CCSD never sought, and the district court never granted, certification for interlocutory appeal of any order. This Court therefore lacks jurisdiction here.

While no motion to intervene was ever denied in this case, CCSD has styled the orders it appeals from as denials of intervention. Even if this was true (which it is not), "[g]enerally, the denial of a motion to intervene is not considered a final appealable order." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993). Although this Court can entertain "anomalous" or "provisional" jurisdiction over a denied motion to intervene, such jurisdiction evaporates upon a finding that the district court acted appropriately. *See EEOC v. E. Airlines, Inc*., 736 F.2d 635, 637 (11th Cir. 1984). Here, the district court acted appropriately because there was no pending motion to intervene and CCSD's loss of status as a party was the natural result of its own motion for judgment on the pleadings being granted. There is therefore no basis for "anomalous" or "provisional" jurisdiction, regardless of CCSD's restyling of the appealed orders as denials of a motion to intervene.

## <u>STATEMENT OF THE ISSUES</u>

**1.**    Whether this Court has jurisdiction to hear an appeal of a non-adverse, uncertified, non-final order granting judgment on the pleadings to a former intervenor-defendant.

**2.**    Whether an intervenor-defendant who moves for and obtains judgment on the pleadings may continue in the case as a "non-party-intervenor" or "adverse intervenor."

**3.**    Whether it is within a district court's discretion to deny a non-party's motion as moot.

## <u>STATEMENT OF THE CASE</u>

These appeals are by an entity that was granted status as an intervenor-defendant, which successfully moved for judgment on the pleadings to be dismissed from the case and now refuses to accept the natural consequences of the granting of its own motion, *i.e.*, that it is no longer a party in the case. The appeals should be flatly rejected.

The pending case from which this appeal emanates challenges the redistricting of maps for the election of Cobb County, Georgia School Board members ("School Board") on the grounds that the enacted map was the result of racial gerrymandering in violation of the Fourteenth Amendment to the Constitution. Plaintiffs-Appellees filed suit in June of 2022, three months after the School Board map was enacted in

1

March of 2022, and moved for a preliminary injunction less than one month after the close of discovery with the goal of obtaining relief in advance of the 2024 election cycle. Plaintiffs--Appellees' Motion for Preliminary Injunction is currently pending before the district court and, to date, no orders have been issued below regarding the merits of the School Board map.

Plaintiffs-Appellees did not name CCSD as a defendant when they filed the lawsuit, guided by controlling precedent from this Court with regard to necessary parties in redistricting and election litigation. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020); *Scott v. Taylor*, 405 F.3d 1251, 1256 (11th Cir. 2005). Instead, Plaintiffs-Appellees sued the Cobb County Board of Elections and the Cobb County Elections Director ("Election Defendants"), which are the entities legally charged with implementing the School Board's map, and the only necessary parties in this case. But when CCSD moved to intervene solely as a party "defendant" six months after the lawsuit was filed, Plaintiffs-Appellees and Election Defendants consented, and the district court granted CCSD's motion to be added as a defendant by consent. Months later, CCSD filed a Motion for Judgment on the Pleadings, seeking, *inter alia*, to be dismissed from a case that it had previously sought to participate in. That motion was also granted on July 18, 2023 (the "July Order").

Despite having been dismissed from the case, CCSD insisted that it was still a party, which led the district court to orally explain to CCSD at the September 12, 2022 status conference (the "September Teleconference") that the natural consequences of the district court's having granted CCSD's Motion for Judgment on the Pleadings was that CCSD was no longer a party. CCSD then asked the district court to reconsider its oral clarification, which the district court properly denied as moot.

CCSD now petitions this Court to overturn the non-final July 18 Order that it prevailed on, and attempts to distort the district court's November 2, 2023 Order (the "November Order") into an order denying intervention. In doing so, CCSD seeks more rights in the litigation below than even an original party would be entitled to. This Court should reject CCSD's invitation to undo its own strategic mistakes and reject CCSD's appeals.

## I.    Factual Background

These appeals stem from a racial gerrymandering action that challenges the newly redistricted voting districts for the Cobb County School Board. Plaintiffs-Appellees —Cobb County voters, parents of students, educators, former students of Cobb County Schools, and non-partisan voting rights organizations active in Cobb County—allege, through direct and circumstantial evidence, that race predominated in the design of the School Board map.

Throughout this litigation, including in these appeals, CCSD glosses over the history of Cobb County, miscasts statements on race through the lens of "politics," and hides behind post-hoc explanations. CCSD ignores that Cobb County's racial diversification accelerated dramatically between the 2010 and 2020 Censuses and was fueled primarily by Black and Latinx population growth. S.A. 275-6 (Doc. No. 194-1 at 9-10.) It sidesteps the redistricting process that white Board members hid from Black Board members and the legislative contortions white legislators took to enact the new School Board map over the objections of Cobb County's Black-led local delegation of legislators. CCSD fails to detail the resulting gerrymander that packed Black and Latinx voters into three southern districts in Cobb County and bleached the population of the northern districts. (*Id*. at 17.)

CCSD's dramatized "facts relevant to the appeal" are manufactured to entice and distract from the textbook racial gerrymander in the underlying matter and CCSD's simple, yet fatal, strategic misstep at the heart of these appeals for which no one—especially a court of law—is to blame except for CCSD itself.

## II.    Procedural History

Plaintiffs-Appellees brought suit in June of 2022 against the Election Defendants, who administer elections for members of the School Board pursuant to O.C.G.A. § 21-2-70, *et seq*. Shortly after filing their Complaint, Plaintiffs-Appellees filed a notice of claim of unconstitutionality pursuant to Fed. R. Civ. P. 5.1 and

4

served it on the Attorney General of Georgia. S.A. 7, S.A. 334 (Doc. Nos. 11, 36.) Six months after Plaintiffs-Appellees filed the lawsuit, CCSD moved to intervene in this action "as a defendant." App. 277 (Doc. No. 52.) Plaintiffs-Appellees and Election Defendants consented to CCSD's intervention on December 30, 2023. App. 308, 316 (Doc. Nos. 54, 55.) In their consent, Plaintiffs-Appellees noted that they were "eager to move this case forward towards a timely resolution" and that their consent was motivated in part by "ensur[ing] that any relief obtained by Plaintiffs-Appellees can be implemented before the 2024 election cycle." App. 309 (Doc. No. 54 at 2 n.2.) On January 30, 2023, the district court granted CCSD's Motion to Intervene and added CCSD as a defendant. App. 320 (Doc. No. 60.)[1]

After receiving the precise relief that it requested—i.e., intervention as a party defendant—CCSD then inexplicably moved for judgment on the pleadings, asking the district court to dismiss the sole claim against CCSD in this case. App. 409 (Doc. No. 83.) Election Defendants did not join CCSD's motion. In that motion, CCSD argued that under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), "Plaintiffs' allegations fall far short . . . for asserting liability upon the District" and sought to "prevent[] the District from being liable under Section 1983."

---

[1] Apart from its December 2022 Motion for Intervention, CCSD has only ever moved to intervene in a footnote of a reply brief supporting its *ultra vires* Emergency Motion for Reconsideration, S.A. 231 (Doc. No. 186 at n.1), which the district court denied as moot in its November Order because CCSD had already been removed as a party in this litigation.

App. 420, 423 (Doc. No. 83 at 12, 15.) After oral argument, the district court agreed with CCSD's arguments under *Monell* and granted the Motion for Judgment on the Pleadings on July 18, 2023 ("July Order"),[2] resulting in the dismissal of the only claim against CCSD. App. 474 (Doc. No. 136.) The district court allowed the case to proceed against the Election Defendants. CCSD did not appeal the district court's July Order.

Despite obtaining judgment on the pleadings, counsel for CCSD continued to appear at depositions and propound discovery requests as a self-described "Adverse Intervenor." App. 474 (Doc. Nos. 136), S.A. 189, 193 (Doc. Nos. 149, 155.) Plaintiffs-Appellees ultimately filed an Emergency Motion in the district court to alert the court that CCSD insisted and was operating as if it was still a party to the action. App. 512 (Doc. No. 157.) CCSD continued to file motions in the district court, including a Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgment on August 16, 2023. S.A. 189 (Doc. No. 149) and a Motion to Exclude Plaintiffs' Experts on August 22, 2023. S.A. 193 (Doc. No. 155).

---

[2] At oral argument, the district court also heard argument from the parties regarding Election Defendants' Motion to Dismiss. S.A. 147 (Doc. No. 43.) In its July Order, the district court denied in part and denied as moot in part Election Defendants' Motion, relying heavily on this Court's decision in *Jacobson v. Florida Secretary of State*, App. 489-90 (Doc. No. 136 at 16-17 (citing 974 F.3d 1236 (11th Cir. 2020))). That issue is not the subject of the instant appeal.

On September 12, 2023, the district court held a telephonic status conference where it explained that the July Order meant that CCSD was no longer a party to this action. App. 595 (Doc. 182. at 5:5-5:13.) The district court stated: "It is the Court's position that, as of July 18, 2023, [CCSD] was dismissed from the case and has not been a party defendant since that time." (*Id.*) The district court further noted that it could not "find any support at this time for [CCSD's] proposition that it should be able to participate in this case as an adverse intervenor," nor could it "find that term anywhere." (*Id*. at 5:23-6:1.)

Following the district court's confirmation at the September Teleconference that CCSD was no longer an intervenor-defendant in the case, Plaintiffs-Appellees and Election Defendants entered into a preliminary settlement agreement. *See* App. 614 (Doc. No. 190-1.) This agreement does not address the merits of Plaintiffs-Appellees' claim, and in fact does not concede any liability on the part of Election Defendants. (*Id*. at 12.) Plaintiffs-Appellees continue to pursue the merits of their claim before the district court.

CCSD then filed a Notice of Appeal to this Court on October 12, 2023, purporting to appeal from "the order prohibiting [CCSD] from continuing to participate in the case as an intervenor issued orally during the telephonic hearing on September 12, 2023." S.A. 208 (Doc. No. 175). CCSD also continued to file motions in the district court after the September Teleconference, including an

Emergency Motion for Reconsideration on September 21, 2023, S.A. 211 (Doc. No. 178), and a Supplement to its Emergency Motion for Reconsideration on September 25, 2023, S.A. 223 (Doc. No. 181).

On November 2, 2023, the district court issued a written order further confirming CCSD ceased to be a party as of the July Order. The district court confirmed that its statement regarding CCSD's status at the September Teleconference "was not a new ruling but merely reiterated and clarified the Court's written order dated July 18, 2023." App. 631 (Doc. No. 199.) It also denied as moot CCSD's outstanding motions regarding its status in the case, including its Supplemental Motion for Judgment on the Pleadings, S.A. 189 (Doc. No. 149), Motion to Exclude Plaintiffs' Experts, S.A. 193 (Doc. No. 155), Emergency Motion for Reconsideration, S.A. 211 (Doc. No. 178), and Supplement to its Emergency Motion for Reconsideration, S.A. 223 (Doc. No. 181). App. 631 (Doc. No. 199.)[3] The district court also partially granted Plaintiffs' Emergency Motion to Enforce the Court's July 18, 2023 Order, App. 512 (Doc. No. 157) terminating CCSD from the docket and prohibiting CCSD from filing motions as a party or participating in

---

[3] CCSD's Supplemental Motion for Judgment on the Pleadings, S.A. 189 (Doc. No. 149), Motion to Exclude Plaintiffs' Experts, S.A. 193 (Doc. No. 155), and Supplement to its Emergency Motion for Reconsideration, S.A. 223 (Doc. No. 181), were not substantively raised in its opening brief or its supplemental brief and are therefore not addressed by Plaintiffs-Appellees in this brief.

depositions. (*Id.*) On November 8, 2023, the district court granted CCSD's Motion for Leave to Appear as Amicus Curiae in this Matter. S.A. 330 (Doc. No. 201.)

On November 9, 2023, CCSD appealed the district court's November Order. S.A. 333 (Doc. No. 204.) CCSD's October 12 and November 9 appeals were consolidated by this Court on November 29, 2023. Plaintiffs-Appellees filed a Motion to Dismiss each appeal for lack of subject matter jurisdiction on November 15, 2023, S.A. 60 (Case No. 23-13439, Doc. No. 30), and November 29, 2023, S.A. 12 (Case No. 23-13764, Doc. No. 28). Both motions are pending before this Court as of the date of this brief.

## **STANDARD OF REVIEW**

This Court lacks Article III jurisdiction to review an order issued in favor of an appellant. *See Druhan v. Am. Mut.* Life, 166 F.3d 1324, 1326 (11th Cir. 1999) (stating that an appellant must be adverse to the final judgment in order to satisfy Article III's "case or controversy" requirement). This Court also lacks jurisdiction to review an order unless it is a "final decision[]" of a lower federal court, *see SEC v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003) (citing 28 U.S.C. § 1291); one of the interlocutory orders listed under 28 U.S.C. § 1292(a); or has otherwise been certified for appeal pursuant to 28 U.S.C § 1292(b) and Fed. R. Civ. P. 54(b).

This Court reviews a district court's denial of a motion for reconsideration for abuse of discretion. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004).

Because there was no pending motion to intervene under Fed. R. Civ. P. 24 and no order denying a motion for CCSD to intervene, the standards of review for denial of intervention are inapplicable.

## SUMMARY OF ARGUMENT

CCSD petitions this Court to overturn a non-final order that it prevailed on, and attempts to distort the district court's September Teleconference and November Order into an order denying intervention, all because it refuses to accept the natural consequences of its own motion—that it is no longer a party in the case. The appeals fail.

<u>First,</u> this court lacks Article III jurisdiction over the consolidated appeals as the challenged actions by the district court lack the requisite adverseness, do not constitute a "final order" proper for appeal as of right, and have not been certified for interlocutory appeal.

<u>Second</u>, even if CCSD can overcome these jurisdictional defects, the district court properly removed CCSD from the case. When a party successfully moves to intervene as a defendant, as CCSD did here, it obtains the rights and obligations of

a party. When that party then moves to dismiss the case against it or for judgment on the pleadings, as CCSD did, and that motion is granted, as the district court did here, that party is dismissed from the action. The district court's actions were so ordinary and uncontroversial that it is equally axiomatic for this Court to find no clear error or abuse of discretion. Finding otherwise would unnecessarily upset civil procedure, inject instability in litigation, and invite to the steps of the courthouse every regretful movant who failed to fully consider what they are really asking for.

Finally, this Court should reject CCSD's desperate attempt to find the district court at fault for denying as moot its Emergency Motion for Reconsideration of the September Teleconference, and with it, a footnote request buried in CCSD's reply brief to re-intervene. Courts are not required to address footnoted requests made in the first instance in a reply brief, much less requests in motions that already fail for all the jurisdictional and other reasons discussed.

This Court should therefore dismiss the consolidated appeals for lack of jurisdiction or, in the alternative, affirm the district court's July Order granting CCSD judgment on the pleadings including its instruction, as clarified in the September Teleconference and November Order, that CCSD be removed from the matter as a party in this case and affirm the district court's November Order.

# ARGUMENT

## I.    This Court Does Not Have Jurisdiction over Consolidated Appeals

### a.    CCSD Cannot Appeal the Grant of an Order It Requested and Won

The ultimate goal of CCSD's appeal is to undo the very relief it requested in its Motion for Judgment on the Pleadings, which the district court granted in its July Order. This Court should reject CCSD's efforts to twist the September Teleconference and the November Order into appealable orders.

At the September Teleconference, the district court did nothing more than explain that its July Order meant (and had always meant) that CCSD was no longer a party to this action. App. 595 (Doc. 182 at 5:5-5:13.) The district court stated:

> I did grant the [CCSD's] Motion for Judgment on the Pleadings in the July 18, 2023 order and although that order did not explicitly direct the clerk of court to enter judgment and terminate [CCSD] from the docket, that was the intended effect of granting [CCSD's] Motion for Judgement on the Pleadings. So it is the Court's position that, as of July 18, 2023, [CCSD] was dismissed from the case and has not been a party defendant since that time. (*Id.*)

The district court repeated this conclusion in its November Order, noting that it was "dispel[ling] any uncertainty regarding the Court's ruling in the July 18, 2023 Order granting [CCSD]'s motion for judgment on the pleadings." App. 631 (Doc. No. 199 at 16.) In granting Plaintiffs-Appellees' Emergency Motion to Enforce the July 18 Order and dismissing as moot CCSD's Supplemental Motion for Judgment

12

on the Pleadings, S.A. 189 (Doc. No. 149), Motion to Exclude Plaintiffs' Experts, S.A. 193 (Doc. No. 155), Emergency Motion for Reconsideration, S.A. 211 (Doc. No 178), and Supplement to its Emergency Motion for Reconsideration, S.A. 223 (Doc. No. 181), the district court merely implemented the July Order that CCSD had requested. The September Teleconference and the November Order made no new determinations; instead, they provided continued affirmation by the district court of the consequences of a granting of a motion for judgment on the pleadings—dismissal from the litigation.

In other words, these were not new, adverse rulings—they were simply reiterations by the lower court that CCSD had been dismissed from the case, and denials of improper motions from the docket as moot because they were filed by a non-party who prevailed in being removed from the case. Just as this Court does not have jurisdiction to hear an appeal of the July Order CCSD requested and then favorably obtained, it does not have jurisdiction to hear an appeal of the September Teleconference or the November Order that merely reiterated that CCSD had in fact prevailed. As such, CCSD's appeal should be dismissed.

Article III of the U.S. Constitution limits this Court's jurisdiction to hear "Cases" or "Controversies." U.S. Const. art. III, § 2. "At the heart of the case or controversy requirement is the presence of adverse parties." *Druhan v. Am. Mut. Life*, 166 F.3d 1324, 1326 (11th Cir. 1999). Specifically, "the litigant 'must be

adverse to the final judgment' to appeal from that judgment." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1233 (11th Cir. 2020) (quoting *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1356 (11th Cir. 2008)). Indeed, this Circuit has called the adverseness requirement the "primary limitation on a litigant's appellate standing." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003). Where a party "has acquired that which he sought . . . [an] order cannot be adverse." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1233 (11th Cir. 2020) (internal quotation marks omitted). *See also Roig v. United Parcel Serv., Inc.*, No. 21-11915-HH, 2021 WL 6102102, at *1 (11th Cir. Sept. 1, 2021) ("We lack jurisdiction because the [appellants] do not have standing, as they requested the judgment that they seek to appeal."); *Est. of Robbins v. Runyon*, 730 F. App'x 893, 894–95 (11th Cir. 2018) (the jurisdictional requirement of adverseness is not met when the dismissal does not qualify as an involuntary adverse judgment against the movant, which occurs when a party "seeks to appeal from a final order of dismissal entered on her own motion: an order that is typically not appealable").

Here, the required adverseness simply does not exist. The district court's July Order <u>granted</u> CCSD's Motion for Judgment on the Pleadings as it requested, inherently and foreseeably resulting in CCSD no longer being a party in this action. App. 474, (Doc. No. 136.) Neither Plaintiffs-Appellees nor Election Defendants appealed that judgment. Now, CCSD attempts to undo its request with this appeal of

14

the September Teleconference and the November Order, in other words, to reverse the very relief it requested. But a prevailing party cannot appeal an order it favorably obtained. As such, there is no adverseness as to the judgment in question, and thus no case or controversy for this Court to adjudicate.

b. **The District Court Has Not Issued a Final Order or Certified Any Order for Purposes of Appeal**

The district court's September Teleconference and November Order were neither final orders that can be appealed as of right nor interlocutory orders properly certified for purposes of appeal. On this basis, this Court also lacks jurisdiction to hear this consolidated appeal.

Beginning with the Court's September Teleconference, there the district court simply provided CCSD with an explanation of what should have been obvious to it based on the district court's July Order: the necessary result of granting CCSD's Motion for Judgment on the Pleadings was that it was no longer a party in the action. This was not a new "order" prohibiting CCSD from continuing to participate in the case as an intervenor—it was a teleconference where the court verbally reiterated its previous ruling. Appeals must result from a district court order or judgment. *See Landman v. Mitchell*, 445 F.2d 274, 275 (5th Cir. 1971) (denying a request to review

matters in an appeal for which there was no order from the court below).[4] Statements made by a court expressing an opinion or explaining a previous order are not final orders ripe for appeal. *See, e.g.*, *Robert N. Brewer Fam. Found. v. Huggins*, No. 2:18-cv-915-ALB, 2019 WL 6873655, at *5 n.2 (M.D. Ala. Dec. 16, 2019) (rejecting defendant's characterization that the court was denying the plaintiff's standing to sue on a telephone conference call when it was merely "express[ing] that it was concerned" about standing).

Indeed, nothing in the district court's language during the September Teleconference suggests that it was issuing a new order. To the contrary, the district court was simply telling CCSD that which should have been obvious to CCSD as of the July Order. The district court could not have been clearer on this point: "It is the [District] Court's position that, as of July 18, 2023, [CCSD] was dismissed from the case and has not been a party-defendant since that time." App. 595 (Doc. 182 at 5:5-5:13.)

Even if this Court found the September Teleconference to have resulted in a new "order," it does not constitute a directly appealable order under 28 U.S.C. § 1292(a) because it simply clarified the natural results of its having granted CCSD's Motion for Judgment on the Pleadings in its July Order, which is not one of the

---

[4] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

limited interlocutory exceptions. The July Order was not a final order for purposes of appeal, because it dismissed only CCSD from the action, i.e., fewer than all of the parties in the action. FED. R. CIV. P. 54(b); *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345 (11th Cir. 2022) ("To constitute a final decision, the district court's order generally must adjudicate all claims against all parties[.]"); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023) (finding that "a district court's disposition of fewer than all the claims does not constitute an appealable final judgment"); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (dismissing an appeal for lack of jurisdiction because the district court had not resolved the rights and liabilities of the other defendants in the case). Furthermore, the district court did not certify the September Teleconference "order" or the July Order for purposes of appeal pursuant to 28 U.S.C § 1292(b) and FED. R. CIV. P. 54(b) (absent a party moving for certification in an action with multiple parties, the court has discretion as to when to direct entry of a final judgment if all parties or claims are not implicated). Accordingly, this Court lacks jurisdiction over the appeal of the September Teleconference.

The same is true of the district court's November Order. CCSD appealed various portions of the November Order, but no part of the November Order constitutes a directly appealable order under 28 U.S.C. § 1292(a). Once again, that is because the November Order simply reiterated and enforced the natural result of

the district court's July Order granting CCSD's Motion for Judgment on the Pleadings. To do so, the November Order (1) entered judgment in favor of CCSD (effective July 18, 2023), and terminated CCSD from the docket; (2) granted Plaintiffs' Emergency Motion to Enforce the Court's July Order, App. 512 (Doc. No. 157); and (3) denied as moot CCSD's Emergency Motion for Reconsideration S.A. 211, (Doc. No. 178), Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgment, S.A. 189 (Doc. No. 149), Motion to Exclude Plaintiffs' Experts, S.A. 193 (Doc. No. 155), and Supplement to its Emergency Motion for Reconsideration, S.A. 223 (Doc. No. 181). App. 631 (Doc. No. 199.) In effect, these actions all produce the same result: they clarify that having granted CCSD's Motion for Judgment on the Pleadings in its July Order, CCSD was and is no longer a party to the case.

Here, too, the November Order (and the July Order it reiterated) does not constitute a final order for the purposes of appeal as of right because neither order dismissed the claims against all of the parties in the action. FED. R. CIV. P. 54(b); *Jenkins*, 32 F.4th at 1345. Since the grant of CCSD's Motion for Judgment on the Pleadings, the Plaintiffs-Appellees and the Election Defendants have continued to litigate the case and its remaining claim. Furthermore, the district court did not certify the November Order for purposes of appeal pursuant to 28 U.S.C § 1292(b)

and FED. R. CIV. P. 54(b). As a result, this Court also lacks jurisdiction over the appeal of the November Order.

### c. CCSD Cannot Appeal an Intervention Order the District Court Never Issued

CCSD styled its notices of appeal as seeking relief from the district court's orders "prohibiting [CCSD] from continuing to participate in the case as an intervenor." S.A. 1, 4 (Case No. 23-13439, Doc. No. 1-2; Case No. 23-13764, Doc. No. 1-2.) This is a convenient distortion of the district court's July Order, September Teleconference, and November Order, but it is not accurate.

There was no denial of intervention in this case. As outlined in the procedural history section above, the only intervention motion at issue in this case was *granted*, when CCSD was granted status as a Defendant-Intervenor in January 2023. App. 321 (Doc. 60 at 2.) CCSD then asked the district court, by way of a motion for judgment on the pleadings, to dismiss it from the action. App. 409 (ECF No. 83.) That motion was granted. App. 474 (ECF No. 136.) At that point, CCSD was no longer a Defendant-Intervenor in the case.

Moreover, CCSD did not make any motion to intervene leading up to the September Teleconference or the November Order, and thus the district court did not have any pending motion to intervene to respond to. To the extent intervention status was even mentioned in the district court's September Teleconference and the

November Order, it was merely to clarify that CCSD had "lost its ability to participate in this litigation as a Defendant or intervenor when the Court granted [CCSD]'s motion for judgment on the pleadings." App. 631 (Doc. 199 at 9.) In other words, the September Teleconference and the November Order were not new decisions that ended CCSD's participation in the case as an intervenor, as CCSD claims, but clarifications of the July Order necessitated by CCSD's inappropriate propounding of discovery and motions practice after being dismissed from the case. That the district court had to repeatedly clarify the obvious consequences of a granting of a motion for judgment on the pleadings does not give CCSD license to appeal the fact that the granting of its own Motion for Judgment on the Pleadings meant it was no longer an intervening party in this case.

CCSD's cited case law on this point is inapposite. All of the cases CCSD cites in its brief involve an *order* denying a motion for intervention—a procedural posture entirely distinct from this one. *See, e.g.*, *Chiles v. Thornburgh*, 865 F.2d 1197, 1201 (11th Cir. 1989); *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1282 (11th Cir. 2017); *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1246 (11th Cir. 2002); and *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 529–30 (1972). Here, there is no order denying intervenor status to CCSD, so there is nothing to appeal.

CCSD's reliance on *Hines v. D'Artois*, 531 F.2d 726 (5th Cir. 1976), also misses the mark. Although the court there granted a motion to intervene and the intervenor proceeded to make various motions, the court later formally "vacated its earlier order permitting" intervention. *Id.* at 728–29. Here, by contrast, the district court did not enter an order vacating its earlier ruling granting intervention. Instead, as explained above, the district court merely granted CCSD's Motion for Judgment on the Pleadings.

Even if there was such a denial of intervention—and there was not, as outlined above—this Court should still not exercise its "provisional" or "anomalous" jurisdiction here. *See E. Airlines, Inc.*, 736 F.2d at 637. Because there was no outstanding motion to intervene for the district court to respond to and no language in the district court's July Order, September Teleconference, or November Order suggesting it intended to rule on CCSD's intervention status, there is nothing for this Court to decide. In any event, any "provisional" or "anomalous" jurisdiction evaporates if the lower court acted appropriately in denying intervention. *See E. Airlines, Inc.*, 736 F.2d at 637 ("if we find that the district court's disposition of the petition to intervene was correct, then our jurisdiction evaporates because the proper denial of leave to intervene is not a final decision, and we must dismiss these appeals for want of jurisdiction"). Here, as noted above, there is no basis for "anomalous jurisdiction" because (1) there was no pending motion to intervene at issue (and in

21

fact, the only intervention motion by [CCSD] had been <u>granted</u> by the district court); (2) there could not have been such a motion under the circumstances; (3) there was no order issued prohibiting CCSD from proceeding as an intervenor; there was only an order granting CCSD the relief it requested, *i.e.*, dismissal from the case; and (4) the loss of CCSD's status as a party was the natural result of its own request that Plaintiffs-Appellees' claim against it be dismissed.

## II.    CCSD Fails to Invoke this Court's Provisional Jurisdiction

Even if this Court finds the July Order, September Teleconference, or November Order constituted a partial adverse ruling, the district court properly removed CCSD from the case.

CCSD moved to intervene as a defendant, a status which was granted. App. 320 (ECF. No. 60 (granting CCSD's Motion to Intervene <u>as a Defendant</u>) (emphasis added)). When a party successfully moves to intervene as a defendant, it obtains the rights and obligations of a party. "It is hornbook law that an intervenor 'is treated as . . . an original party and has equal standing with the original parties.'" *United States v. Jim*, 891 F.3d 1242, 1252-53 (11th Cir. 2018) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1920 (3d ed. 2007) & collecting cases). The rights and obligations of a defendant-intervenor are, self-evidently, congruent with that of a defendant. An intervenor-defendant "becomes a full participant in the lawsuit and is treated just as if it were an original party."

*Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985) (collecting cases). "A district court may therefore enter judgment against an intervenor, the same as any original party." *Jim*, 891 F.3d at 1253. A district court may also adjudicate the issues presented to them "if intervenor-defendants file answers or motions, or otherwise participate in a case[.]" *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, 2018 U.S. Dist. LEXIS 172363, at *18 (E.D. Va. 2018) (collecting cases). This is black letter law.

When a party moves to dismiss the case against it or for judgment on the pleadings, and that motion is granted, it is dismissed from the action and is no longer party to it. This is a principle so obvious and so uncontroversial that it seems a court has never had occasion nor reason to squarely address it. CCSD cites no authority that even gestures to the contrary. Indeed, they admit that they cannot cite a case where a party prevailed on its own Rule 12 motion and nonetheless continued to prosecute the action as a party. S.A. 132 (Case No. 23-13439, Doc. No. 38 at 29 n.5.)

CCSD's lengthy discussion of *Jim* fails to disturb these bedrock principles of party status. S.A. 177-182 (Case No. 23-13439, Doc. No. 51, at 2-7 (discussing *Jim*, 891 F.3d at 1253.)) According to CCSD, *Jim* stands for the proposition that the "sum of rights" of an intervenor "depends on the nature of the intervenor's interests" that can extend beyond those of a party. (*Id.* at 5-6.) That is a gross distortion of *Jim*. In particular, the court's discussion of the "sum of rights" of an intervenor and its

23

"interests" was in the context of intervenor holding <u>fewer</u> rights than a party, not more. *Jim*, 891 F.3d at 1252 n.25.[5] Nowhere did *Jim* or its cited authority suggest that in intervenor—regardless of its "interests"—can hold <u>more</u> rights than a party. To the contrary, the passage from *Jim* that CCSD relies on explicitly references an intervenor having less rights than a party: "[T]he sum of rights possessed by an intervenor, even if granted unconditional intervention, is not necessarily equivalent to that of a party in a case and depends upon the nature of the intervenor's interest." *Id.* (quoting *Kirkland v. N.Y. State Dep't of Corr. Servs.*, 711 F.2d 1117, 1126 (2d Cir. 1983)).

These core principles of party status, recognized by *Jim* and every other court, are for good reason: intervenor-defendants take on the rights, responsibilities, and obligations of defendants when their intervention is granted. *See, e.g.*, *Jim*, 891 F.3d at 1253. If Plaintiff-Appellees had named CCSD as a defendant and CCSD had prevailed on <u>precisely</u> the same motion at issue in this appeal, it would be indisputable that it would be dismissed from the case and its status as a party would be extinguished. After all, the Rule 12(c) standard is the same as the Rule 12(b)(6) standard for a motion to dismiss. *See Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1370 (11th Cir. 1998).

---

[5] CCSD mistakenly cites footnote fifteen while quoting *Jim*.  S.A. 179, 181 (Case No. 23-13439, Doc. No. 51, at 4, 6.)

Indeed, Plaintiff-Appellees did not name CCSD as a defendant in their complaint in large part because they would have colorable arguments to dismiss the case against them on liability grounds—the very grounds they successfully argued below. Then, after CCSD intervened, CCSD did seek dismissal on the same liability grounds that caused Plaintiffs-Appellees to not name them initially. The fact that the district court accepted CCSD's arguments at face value cannot be error or an abuse of discretion.

Nor should these consequences have come as a surprise to CCSD. CCSD has won a judgment in multiple complaints where it was originally named as a defendant on the same *Monell* grounds they prevailed on in this case. *See, e.g.*, *Popham v. Cobb County Sch. Dist.*, 2013 U.S. Dist. LEXIS 110926, at *8 (N.D. Ga. 2013) ("Defendant argues that the Plaintiff is unable to hold CCSD liable under the standard set forth in *Monell*[.]"); *Rolland v. Cobb County Sch. Dist.*, 2013 U.S. Dist. LEXIS 110934 (N.D. Ga. 2013). In each of those cases, CCSD was terminated as a party after winning a judgment on those arguments. There is no reason to think the result should be any different here.

Still, CCSD argues the district court prematurely removed CCSD from the case without addressing its remaining "intervention interests in the litigation," including whether "the enacted redistricting map is wholly lawful and was not the result of prohibited gerrymander" and other arguments it raised in its Motion for

Judgment on the Pleadings. S.A. 180 (Case No. 23-13439, Doc. No. 51 at 5.) CCSD is wrong again. Courts are under no obligation to consider every argument a party makes; they need only decide the issues that are necessary to resolve the motion. *Cf. Sharma v. Johnston*, 515 Fed. App'x 818, 820 n.2 (11th Cir. 2013). CCSD's argument is therefore reduced to seeking error where a district court declines to take the precise path that is preferred by the movant to reach the movant's requested outcome. There is simply no support for reversal on such grounds, especially where the appealing party receives the relief it requested in its motion.

To the extent CCSD desires to continue to participate in the litigation after winning a judgment in its favor, it has already found the proper avenue to do so: participation as *amicus curiae*. That is what a non-party who wants a court to consider their views in a particular matter does. As this Court's order denying CCSD's stay motion S.A. 146 (Case No. 23-13439, Doc No. 41-2 at 2) suggested, CCSD's participation as an amicus is both the proper avenue for asserting its arguments and highly relevant here.[6]

---

[6] CCSD argues, for instance, that it was disadvantaged by its amicus status, as compared to Plaintiffs' party status, where it was allowed only 25 pages for briefing in opposition to Plaintiffs' preliminary injunction motion, but Plaintiffs were allowed 55. S.A. 128 (Case No. 23-13439, Doc. No. 38 at 17.) If CCSD desired more pages, it should have sought leave for them, just as Plaintiffs sought leave for additional pages to file its 55-page brief. S.A. 245 (Doc. No. 190).

And even if the Court could look past all of these fatal defects, taking CCSD's invitation to allow litigants to continue to participate in an action as a party or non-party intervenor—notwithstanding its success on its own Rule 12 motion—would prove entirely unworkable and create perverse incentives. Rule 12 is designed to avoid unnecessary litigation. Allowing litigants to move courts for dismissal under Rule 12 and then continue to participate as a party is an inducement to judicial chaos. Recognition of such a status would beckon all manner of abusive, malicious litigation tactics calibrated for increased cost and delay. Courts would have to spend intensive resources just determining the applicability of the rules of civil procedure to successful Rule 12 movants who nonetheless continued to participate in a case (again, a heretofore unknown litigation posture). Even CCSD itself cannot define the standard that would apply to such an entity, as exemplified by their convoluted and unsupported explanation of the difference between a party and an intervenor-non-party, S.A. 138-140 (Case No. 23-13439, Doc. No. 38 at 27-29), and the way it argues interchangeably for intervenor-party status, S.A. 128 (Case No. 23-13439, Doc. No. 38 at 17); S.A. 183-184 (Case No. 23-13439, Doc. No. 51 at 8-9), and intervenor-nonparty status, S.A. 138-139 (Case No. 23-13439, Doc. No. 38 at 27-28).

A party is the master of its own litigation strategy. When a party makes an argument that could result in its dismissal from the action, but not dismissal of the

entire action, it accepts the eminently foreseeable risk (if it can even be called risk) that the Court will indeed enter such relief. CCSD's belated realization that prevailing on *Monell* grounds would not result in the dismissal of the entire action below is no reason to carve out an exception to bedrock principles of civil procedure. CCSD filed a Motion for Judgment on the Pleadings, and such judgment was entered. Doing so was neither error nor abuse of discretion.

## III. The District Court Did Not Abuse Its Discretion in Denying the CCSD's Emergency Motion for Reconsideration

Even if CCSD could overcome the many jurisdictional defects of its consolidated appeals, the district court did not abuse its discretion in denying CCSD's Emergency Motion for Reconsideration, S.A. 211 (ECF No. 178), as it relates to CCSD's request in the alternative to re-intervene. *See* S.A. 184 (Case No. 23-13439, Doc. No. 51 at 9.) CCSD's request to treat the Emergency Motion in the alternative as a "new motion for intervention" is embedded in a footnote in its reply brief supporting its Emergency Motion. S.A. 231 (ECF No. 186 at 1, n.1). Courts need not accept a party's request to construe a motion in the alternative as a different type of motion, especially when the request is made in a footnote. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 n.5 (11th Cir. 2019) ("We do not ordinarily consider arguments raised in passing in one footnote rather than the body of the brief."); *Doe v. Embry-Riddle Aeronautical Univ.*, 2021 U.S. Dist.

LEXIS 128761, at *6 (M.D. Fla. May 28, 2021) ("[T]his Court strongly disfavors the use of footnotes to raise substantive issues and arguments. The Court is not required to, and will not, consider arguments raised solely in footnotes . . . ."). For these reasons, and for all of the jurisdictional issues raised above, the district court properly exercised its discretion when it declined to accept CCSD's footnote request and denied the Emergency Motion in its entirety as moot. Moreover, Plaintiffs--Appellees note that even if CCSD did move for intervention—which it has not—such a request would be well out of time, prejudicial to the parties, improper, and not appropriate for consideration by this Court.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs-Appellees respectfully request that this Court dismiss the consolidated appeals for lack of jurisdiction or, in the alternative, affirm the district court's July Order granting CCSD judgment on the pleadings including its instruction, as clarified in the September Teleconference and November Order, that CCSD be removed from the matter as a party in this case and affirm the district court's November Order.

*/s/ Pichaya Poy Winichakul*

Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
SOUTHERN POVERTY LAW

CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org

Jeff Loperfido
Christopher Shenton
SOUTHERN COALITION FOR SOCIAL
JUSTICE
5517 Durham Chapel Hill Blvd
Durham, NC 27707
(919) 323-3380
jeffloperfido@scsj.org
chrisshenton@scsj.org

Caitlin May (Ga. Bar No. 602081)
Cory Isaacson (Ga. Bar No. 983797)
Rahul Garabadu (Ga. Bar
No. 553777)
ACLU FOUNDATION OF GEORGIA,
INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
cmay@acluga.org
cisaacson@acluga.org
rgarabadu@acluga.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
Heather Szilagyi
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street, Suite 900

30

Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org
hszilagyi@lawyerscommittee.org

Douglas I. Koff*
Thomas L. Mott*
Jacqueline Maero Blaskowski*
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022 (212)
756-2000
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Jacqueline.MaeroBlaskowski@srz.com

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs-Appellees Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta- Cobb, and Georgia Coalition For The People's Agenda, Inc.*

31

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify this document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 7,916 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) as it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: December 13, 2023                    */s/ Pichaya Poy Winichakul*
                                             Pichaya Poy Winichakul

                                            *Counsel for Plaintiffs-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 13, 2023                          */s/ Pichaya Poy Winichakul*
                                                  Pichaya Poy Winichakul

                                                  *Counsel for Plaintiffs-Appellees*